

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 26, 1969

Honorable Joe Shannon, Jr.
Chairman, Committee on Counties
House of Representatives
Austin, Texas

Opinion No. M-404

Re: Constitutionality of
H.B. 1305 providing for
construction and main-
tenance of private roads
by counties of more than
10,000 but less than

Dear Mr. Shannon:                    10,050 population.

        In your recent request for an opinion of this office,
you provided us with a copy of House Bill 1305, now pending
in the Committee on Counties. You requested advice as to the
constitutionality of the said bill, with particular regard to
whether it may be considered a local or special law, and as
to whether the bill contains an unconstitutional permission
for private use of county property.

        H.B. 1305, in Section 1, provides as follows:

        "Section 1. The county commissioners court
of a county which has more than 10,000 persons
but fewer than 10,050 persons according to the
last preceding federal census, by order, may
authorize a commissioner of the county to direct
the use of county employees and equipment to
construct and maintain any private road in his
precinct, when requested to do so in writing
by a person owning an interest in the private
road or in the land on which the private road
is to be constructed.

        Article III, Section 56, Constitution of Texas, pro-
vides, in part, as follows:

        "The Legislature shall not, except as
otherwise provided in this Constitution, pass

any local or special law, authorizing: . . .

regulating the affairs of counties, cities, towns, wards or school districts; . . .

creating offices or prescribing the powers and duties of officers, in counties, . . ."

Your particular attention is directed to Miller v. El Paso County, 136 Tex. 370, 374, 150 S.W.2d 1000, 1001 (1941), wherein the Court held as follows:

"Notwithstanding the above constitutional provision /Article III, Section 56/, the courts recognize In the legislature the Father broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification designated in the Act, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation. In other words, there must be a substantial reason for the classification. It must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law." (Emphasis added.)

We think this further language in the Miller case is applicable here:

"The peculiar limitations employed by the Legislature in this instance to segregate the class to be affected by the legislation not only bears no substantial relation to the object sought to be accomplished by the Act, but the purported class attempted to be so segregated is, in fact, not a class distinct in any substantial manner from others in this State."

Mr. Joe Shannon, page 3   (M-404)

House Bill 1305 makes no findings or statements in support of the grant of authority in question to the particular bracket class of counties.  For further authorities on this point see Attorney General's Opinions C-481 (1965); C-442 (1965); C-244 (1964); C-138 (1963); V-386 (1947).

A close examination of House Bill 1305 does not reveal any broad-based public purpose for the classification made therein; the only basis is counties containing at least a population of 10,001 and not more than 10,049.  You are accordingly advised that House Bill 1305 is unconstitutional, being in violation of Article III, Section 56, Texas Constitution.

In view of our answer to your first question, we do not reach any further possible grounds of unconstitutionality in the bill.

### S U M M A R Y

House Bill 1305 is unconstitutional, being in violation of Article III, Section 56, Texas Constitution, as a local and special bill.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Bill Allen
Harold Kennedy
Jack Sparks
Roland Allen

Hawthorne Phillips
Executive Assistant

W. V. Geppert
Staff Legal Assistant